Filed 5/15/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN CARLYLE ELLIS,<br><br>    Defendant and Appellant. | 2d Crim. No. B325433<br>(Super. Ct. No. 14C-20633-B)<br>(San Luis Obispo County) |

Justin Carlyle Ellis appeals from a resentencing order which reduced his stipulated sentence of ten years down to eight years. The trial court struck two "one year" priors. Nevertheless, he now contends that the trial court did not afford him a "full resentencing" and consider newly enacted Senate Bill No. 567 (S.B. 567) (2021-2022 Reg.Sess.), which, generally, requires the middle term to be imposed. At no time below did the parties or the resentencing court expressly mention S.B. 567. When he was originally sentenced in 2014, appellant stipulated to the upper four-year term, doubled to eight years because of a strike prior offense.

There are several reasons, i.e., traditional rules of limitation, which require us to affirm the judgment. First, error

is never presumed.  Second, it is counsel's burden to point out legal error and persuade the appellate court that any such error has resulted in a miscarriage of justice.  Third, a silent record may not be a springboard for a successful appeal.  Fourth, it is presumed that the trial court was aware of existing law, i.e., S.B. 567.  Fifth, failure or election not to raise the claim at trial level may be a waiver/forfeiture on appeal.  Sixth, appellant agreed to the upper term and cannot retain the fruits of his negotiated disposition while at the same time jettison the unfavorable aspects of the negotiated disposition.  Seventh, there is an exception from the "middle term" on resentencing if the trial court "originally imposed the upper term." (Pen. Code, § 1172.75, subd. (d)(4).)  Eighth, this was an aggravated case calling for the upper term.  While serving a term in state prison, appellant conspired with a woman to smuggle marijuana into the prison by secreting it in her underwear.  This attempt, strikes at the very heart of imprisonment.  Prison is not the place where marijuana should be available for personal use or distribution.

Recognizing some of the rules of limitation, appellant says that he was deprived of the effective assistance of counsel because counsel did not argue the potential application of S.B. 567.  Respondent points out that where, as here, the record is silent, there may have been a tactical reason for not so objecting, i.e., there is case law that says the People may have a right to rescind the plea bargain and insist upon their trial rights, and perhaps a greater sentence would be imposed.  Any claim of ineffective assistance of counsel should be addressed, if at all, in a petition for writ of habeas corpus.

*Disposition*

The judgement is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Seth P. McCutcheon, Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.